USDC IN/ND case 1:18-cv-00072-WCL-SLC    document 6    filed 12/21/17    page 1 of 8

35C00-1712-CT-000842

Huntington County

Filed: 12/21/2017 3:23 PM
Kittie Keiffer
Clerk
Huntington County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE HUNTINGTON CIRCUIT COURT |
| ) SS: | | |
| COUNTY OF HUNTINGTON ) | | |
| | | |
| GERALD F. REICHARD ) | | CAUSE NO: |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| SUIZA DAIRY GROUP, LLC ) | | |
| d/b/a DEAN FOODS f/k/a ) | | |
| SCHENKEL'S ALL-STAR ) | | |
| DAIRY, LLC ) | | |
| ) | | |
| Defendant. ) | | |

## COMPLAINT FOR DAMAGES

Plaintiff, Gerald F. Reichard ("Reichard"), for his cause of action against Suiza Dairy Group, LLC d/b/a Dean Foods f/k/a Schenkel's All-Star Dairy, LLC, ("SDGL") states and alleges:

### I.

### INTRODUCTION

1. This lawsuit arises from Reichard's employment and termination from employment by SDGL on or about October 16, 2017. Reichard asserts that SDGL terminated him in retaliation for getting injured on the job and seeking to exercise his rights to benefits under the Indiana Worker's Compensation Act. Reichard seeks all appropriate legal and equitable relief including back pay, front pay, damages for the loss of fringe benefits, compensatory damages, punitive damages and attorneys' fees.

### II.

### PARTIES

2. Reichard is an individual citizen and resident of Huntington County, Indiana.

-1-

3. Suiza Dairy Group, LLC is a is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principle place of business located at 2711 North Haskell Avenue, Dallas, Texas, 75204. SDGL owns and operates the Dean Foods / Schenkel's All-Star Dairy located in Huntington, Indiana.

### III.

### JURISDICTION AND VENUE

4. This Court has both personal and subject matter jurisdiction because this lawsuit involves state law and Reichard's place of employment was located in Huntington County, Indiana. Venue is appropriate because Huntington County is the county where Reichard was employed and where Reichard's employment was terminated.

### IV.

### STATEMENT OF FACTS

5. Reichard was employed by SDGL at its Dean Foods / Schenkel's All-Star Dairy plant located in Huntington, Indiana.

6. Reichard worked at SDGL as a forklift driver.

7. On October 5, 2017 at around 1 a.m., Reichard was working at SDGL operating a forklift when an object in the dairy plant blew into his left causing an acute injury to his left eye.

8. Reichard promptly reported the work-related injury to a supervisor at SDGL and washed out his eye the best he could and finished his shift at SDGL which ended at 2 a.m.

9. On October 5, 2017 at around 1:30 p.m., before his shift stated, Reichard called into SDGL and reported that his left eye was still really bad, reiterated how the work-related injury had happened and that he reported it to a supervisor, and notified SDGL that he couldn't make it to work that day because of his left eye. On October 6, 2017, Reichard reported for work at SDGL

with considerable swelling of his left eye. He spoke with another supervisor and again reiterated how the injury happened. The supervisor moved Reichard to a different work area, however, about ten minutes later another supervisor told Reichard to go home.

10. Reichard was already scheduled to be off work the next two days, October 7 and October 8, 2017.

11. When Reichard's left eye continued to worsen, he went to Parkview Hospital's Emergency Room in Huntington on October 8, 2017. The E.R. doctor referred Reichard to an eye specialist for additional treatment and evaluation. The E.R. doctor ordered Reichard off work until the eye doctor cleared him to return to work. See Ex. 1.

12. Reichard took the E.R. doctor's off work order to SDGL and made SDGL aware of his treatment status and severity of his work-related injury.

13. On October 9, 2017, Reichard was seen by an eye doctor. The eye doctor ordered Reichard off work for two weeks. Specifically, the eye doctor ordered Reichard off work until October 23, 2017. See Ex. 2.

14. Reichard took the eye doctor's off work order to SDGL and made SDGL aware of his treatment status and severity of his work-related injury.

15. Reichard was told by supervisor(s) and a human resources representative that since he had only been with the company for six months he wasn't eligible for any benefits and that since he was missing work (despite documentation from two doctors ordering him off work and despite it being a work-related injury) he would be fired.

16. At that point in time, Reichard's left eye was severely swollen and he had no vision in his left eye.

17. After SDGL refused to provide Reichard any benefits (including worker's

compensation benefits) and told Reichard that he would be fired, on October 18, 2017, Reichard contacted the Indiana Worker's Compensation Board and spoke with and made a request for assistance with Case Coordinator, Beth Wallace, at the Indiana Worker's Compensation Board.

18. The Case Coordinator instructed Reichard to hire an attorney and that she would contact the employer on his behalf.

19. On October 19, 2017, Andrew Johns, Human Resources Representative at SDGL, mailed a letter of termination to Reichard dated October 16, 2017. Reichard received the letter of termination on October 21, 2017. In the letter, Andrew Johns stated, in relevant part, that: "From our records, you did not report to work on 10/13/2017 and 10/14/2017. Unfortunately, this put your attendance point total at -8 and terminates your employment with Dean Foods per the handbook." See Ex. 3.

20. On October 26, 2017, Reichard underwent an emergency corneal transplant in his left eye for a perforated corneal ulcer.

21. Reichard's eye doctor informed Reichard that he will require a cataract surgery on his left eye in six months after his left eye heals from the October 26, 2017 surgery.

22. Due to his injury Reichard has required ongoing medical treatment and a surgery on his left eye.

23. Due to the severity of the October 5, 2017 work-related injury, Reichard's treating eye doctor has reported that Reichard will need additional surgical intervention.

24. Promptly after the October 5, 2017 work-related injury Reichard reported the work-related injury to his left eye.

25. When Reichard reported the work-related injury to his left eye, SDGL's management downplayed the severity of Reichard's injury, told him to just put a patch over it, told

him that he wasn't eligible for any benefits because he had only been employed with SDGL for six months, and said he would be fired if he didn't report for work. These statements by SDGL's management were made while they knew the severity of Reichard's eye injury and while they knew that two different doctors had ordered Reichard off work.

26. When Reichard received the letter of termination on October 21, 2017 he promptly contacted SDGL for clarification and to explain that SDGL's management was fully aware that two doctors had ordered him off work. Reichard's repeated calls to SDGL were ignored.

27. After his work-related injury on October 5, 2017, Reichard noticed that members of SDGL's management had a complete night and day change in their attitude towards him.

28. Reichard felt as though members of SDGL's management were treating him like a leper, refused to provide him worker's compensation benefits or any other types of medical leave, told him he would be fired if he didn't report to work despite having two doctor's ordering him off work.

29. It goes without saying that Reichard felt as though members of SDGL's management were trying to make his life miserable and get him to quit his job.

30. When Reichard refused to quit/resign, SDGL sent him a termination letter accusing him of not reporting to work and exceeded the allowable absences under SDGL's policies.

V.

**STATEMENT OF CLAIM**

COUNT I – RETALIATORY DISCHARGE

31. Reichard incorporates by reference paragraphs 1 through 30 as if same were fully set forth herein.

32. Reichard contends that he was retaliated against and terminated because he

sustained, reported a work-related injury, sought to exercise his rights to worker's compensation benefits and incurred a loss time injury.

33. SDGL's alleged reason for terminating Reichard is pretext.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Gerald F. Reichard, requests the following relief:

1. An order of the Court granting judgment in his favor;
2. An award of damages sufficient to compensate him for his losses including, but not limited to the following:
    a) back pay;
    b) front pay;
    c) compensatory damages to compensate him for his embarrassment, humiliation, and emotional distress;
    d) punitive damages, if appropriate;
3. Pre-judgment interest;
4. Costs of this action;
5. Reasonable attorney's fees;
6. Any and all other relief appropriate and just under the circumstances.

Respectfully submitted,

**THEISEN & ASSOCIATES, LLC**

/s/ Nathaniel O. Hubley
John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
Alex S. Schreiber (31503-64)
810 South Calhoun Street, Suite 200
Fort Wayne, Indiana 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245
*ATTORNEYS FOR PLAINTIFF*

35C00-1712-CT-000842

Huntington County

Filed: 12/21/2017 3:23 PM
Kittle Keiffer
Clerk
Huntington County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HUNTINGTON CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF HUNTINGTON | ) | CAUSE NO: |
| | | |
| GERALD F. REICHARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUIZA DAIRY GROUP, LLC | ) | |
| d/b/a DEAN FOODS f/k/a | ) | |
| SCHENKEL'S ALL-STAR | ) | |
| DAIRY, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 in the Indiana Rules of Trial Procedure, Plaintiff, Gerald F. Reichard ("Reichard"), hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

THEISEN & ASSOCIATES, LLC

/s/Nathaniel O. Hubley
John C. Theisen, #549-02
Nathaniel O. Hubley, #28609-64
Alex S. Schreiber, # 31503-64
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245
**Attorneys for Plaintiff**